IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 12, 2025

**STATE OF TENNESSEE v. OSCAR HERNANDEZ**

**Appeal from the Circuit Court for Rutherford County**
**No. F-81898  James A. Turner, Judge**

_____

**No. M2023-01387-CCA-R3-CD**

_____

A jury convicted the defendant, Oscar Hernandez, of three counts of rape of a child and five counts of aggravated sexual battery.  The trial court sentenced the defendant to thirty-three years for each of the rape of a child convictions and to ten years for each of the aggravated sexual battery convictions.  The trial court ordered the three thirty-three-year sentences to run consecutively and the remaining sentences to run concurrently, for an effective sentence of ninety-nine years' incarceration.  In his direct appeal, the defendant contends the effective sentence is excessive.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JEFFREY USMAN, Sp. J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and TIMOTHY L. EASTER, J., joined.

Gerald L. Melton, District Public Defender; and Katie Ladefoged, Assistant District Public Defender, Murfreesboro, Tennessee, for the appellant, Oscar Hernandez.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Sharon L. Reddick, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I.

Oscar Hernandez (Defendant) is the stepfather of the child victim.  He has lived with the victim since she was about a year old.  He married the victim's mother and became the only father that the victim has ever known.  She called him "dad."

Starting when the victim was nine years old and continuing after her tenth birthday, Defendant engaged in a course of escalating sexual misconduct that he imposed upon the victim. The victim described Defendant's actions. It began when the victim was nine and had been watching a movie with her mother and stepfather. After her mother stepped out of the room, Defendant touched the victim's "nether regions" with his hand. Defendant told her that she "couldn't tell [her] mom or anybody about" what was happening. In the first instance, Defendant touched the victim over her clothes. He "squeezed [her] chest." Later, he began to touch her "skin on skin." Defendant also used his index finger to rub "the hole of the nether region" and to place his finger inside of her. Defendant on another occasion grabbed her hand and made her "stroke his part." The final incident led to the victim telling others what Defendant had been doing to her on an ongoing basis over the course of approximately a year. Regarding the final incident, Defendant went into the room where the victim was watching cartoons. "[H]e took off his pants and stuck his part in [her] mouth." Defendant "forced [her] to suck on it." When she tried to turn her head away, Defendant forced her mouth back onto his penis. Defendant continued forcing himself upon her until "he ejaculated into [her] mouth." The victim "went into the bathroom" and "spat it out." This incident led to the victim telling her sister-in-law, which began the process that would eventually result in police and forensic investigators being told about Defendant's actions and the testing of physical evidence.

Having heard the proof presented at trial, the jury convicted Defendant of three counts of rape of a child[1] and five counts of aggravated sexual battery.[2] Defendant does not contest the sufficiency of the evidence supporting his convictions.

At the sentencing hearing, the victim's mother testified that, before she learned about the sexual abuse, she noticed changes in her daughter's behavior. She stated, "I saw her sad, mad. She would lock herself or stay in her room. She would cry. And she didn't want to speak with me [about] what was happening." She spoke with her daughter's school counselor but remained unenlightened about her daughter's behavior. After she learned about the abuse, she realized that the changes had begun at the same time the abuse had begun. She also testified that, in the wake of Defendant's actions, the victim had "significant emotional problems" and was receiving counseling every two weeks at the sexual assault center.

---

[1] At the time of these offenses, rape of a child was defined as "the unlawful sexual penetration of a victim by the defendant . . . if the victim is more than three (3) years of age but less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-522(a) (effective Aug. 5, 2013, to Jun. 30, 2020).

[2] At the time of these offenses, aggravated sexual battery was defined as the "unlawful sexual contact with a victim by the defendant" where "the victim is less than thirteen (13) years of age." Tenn. Code Ann. § 39-13-504(a)(4).

A victim impact statement prepared by the victim's mother was also admitted into evidence at the sentencing hearing. In it, she stated that she herself had developed depression and anxiety and was receiving psychological therapy.

In imposing sentence, the trial court first noted that Defendant was a Range I, standard offender. The trial court then observed that, by statute, he was to be sentenced as a Range II offender for the rape of a child offenses. *See* Tenn. Code Ann. § 39-13-522(b)(2)(A) (effective Aug. 3, 2013, to Jun. 30, 2020). Defendant's range was therefore twenty-five to forty years as to each of the rape convictions. *See* Tenn. Code Ann. § 40-35-112(b)(1). As to the aggravated sexual battery offenses, the range of punishment was eight to twelve years for each offense. *See* Tenn. Code Ann. § 39-13-504(b) (designating aggravated sexual battery a Class B felony), § 40-35-112(a)(2) (designating Range I term range for Class B felonies).

The trial court found that two enhancement factors applied to each of the rape of a child offenses: (1) "[t]he offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement" and (2) "[t]he defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or the fulfillment of the offense." Tenn. Code Ann. § 40-35-114(7), (14). The trial court also applied this latter enhancement factor to the aggravated sexual battery offenses. As to mitigating factors, the trial court concluded that Defendant's conduct had neither caused nor threatened serious bodily injury. *See* Tenn. Code Ann. § 40-35-113(1). The trial court indicated that it was applying little weight to this mitigating factor. In light of these enhancing and mitigating factors, the trial court sentenced Defendant to mid-range sentences of thirty-three years for each of the rape of a child convictions and to mid-range sentences of ten years for each of the aggravated sexual battery convictions.

In determining the manner in which these sentences would be served, the trial court found that Defendant was convicted of two or more statutory offenses involving sexual abuse of a minor. *See* Tenn. Code Ann. § 40-35-115(b)(5). The trial court concluded that partial consecutive service was appropriate in light of the parental relationship between Defendant and the victim, the approximately year-long span of time during which Defendant's undetected sexual activity took place, the "absolutely sexual" nature of Defendant's acts, the fact that the scope of the sexual acts ranged from touching "all the way to penetration" and "[p]enetration to the point of ejaculation with a 10 year-old," and the extent of the residual physical and mental damage that had been suffered by the victim. *See id.* Commenting on these factors, the trial court placed "particular weight on the time span of the undetected sexual activity" and noted the "escalating nature of that sexual activity." The trial court also expressly found credible the victim's mother's testimony about the residual damage suffered by the victim. Additionally, the trial court found that an extended sentence was "necessary to protect the public against further criminal conduct by the Defendant" and that the offenses were sufficiently severe to warrant consecutive sentences.

In consideration of these factors, the trial court ordered Defendant to serve consecutively each of his thirty-three-year sentences, with his remaining ten-year terms to be served concurrently. Thus, the trial court sentenced Defendant to an effective term of ninety-nine years, to be served at one hundred percent.

Defendant appealed. On direct appeal, Defendant does not challenge the length of his individual sentences. Rather, he asserts that the trial court erred in ordering that the three longest sentences be served consecutively. Defendant contends that the effective sentence of ninety-nine years is excessive. He argues that his sentence contravenes Tennessee's principles of sentencing because it is greater than that deserved for the offenses committed, *see* Tenn. Code Ann. § 40-35-103(2), and because it is not "the least severe measure necessary to achieve the purposes for which the sentence is imposed," Tenn. Code Ann. § 40-35-103(4). The State argues that Defendant's sentences should be affirmed.

II.

In determining the appropriate sentence to impose, a trial court is to consider the following factors: (1) the evidence, if any, admitted at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the parties' arguments as to sentencing alternatives, if any; (4) the nature and characteristics of the criminal conduct; (5) evidence and information offered by the parties on the mitigating and enhancement circumstances; (6) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the defendant on his own behalf about sentencing; and (8) the result of the validated risk and needs assessment conducted by the department of correction and contained in the presentence report. *See* Tenn. Code Ann. § 40-35-210(b); *see also State v. Bise*, 380 S.W.3d 682, 697-98 (Tenn. 2012).

Additionally, Tennessee Code Annotated section 40-35-115 sets forth the criteria for the imposition of consecutive sentencing. Because the "criteria are stated in the alternative[,] . . . only one [criterion] need exist to support the appropriateness of consecutive sentencing." *State v. Mickens*, 123 S.W.3d 355, 394 (Tenn. Crim. App. 2003). If the trial court concludes that a preponderance of the evidence supports one of these grounds, the trial court may then "choose whether, and to what degree, to impose consecutive sentencing based on the facts and circumstances of the case, bearing in mind the purposes and principles of sentencing." *State v. Perry*, 656 S.W.3d 116, 127 (Tenn. 2022) (citing Tenn. Code Ann. § 40-35-115(b)).

If "a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *State v. Pollard*, 432

S.W.3d 851, 862 (Tenn. 2013). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)). When challenging a trial court's sentencing decision, the party appealing bears "the burden of showing that sentence is improper." *Perry*, 656 S.W.3d at 127.

III.

While Defendant contends that his effective sentence is greater than that deserved for the offenses he committed and is not the least severe measure necessary to achieve the purposes and principles of sentencing, he does not suggest what sentence he would find appropriate. Rather, he argues that, given his age, something less than ninety-nine years would suffice to protect the public against further criminal conduct by him. He also argues that the offenses were not severe enough to merit ninety-nine years. Additionally, he points to the facts that he had never before been convicted of a crime; he had a solid employment history; he scored as "low risk" for re-offending; and he would be required to submit to community supervision for life, as well as be listed on the sex offender registry for life, were he to live long enough to be released. Finally, he points out that the effective sentence is similar to that he would have received had he committed two first degree murders. In light of these considerations, he argues, the trial court abused its discretion when imposing a ninety-nine-year sentence. In support of his argument, Defendant relies upon this court's unpublished decision in *State v. Hayes*, No. M2002-01331-CCA-R3-CD, 2004 WL 1778478 (Tenn. Crim. App. Aug. 9, 2004), *perm. app. denied* (Tenn. May 23, 2005).

In *Hayes*, the defendant was convicted of thirteen counts of rape of a child and seven counts of rape, all involving the same victim, with whom the thirty-seven-year-old defendant had been living for approximately six years. *Hayes*, 2004 WL 1778478, at *1. The crimes occurred over a ten-month period. *Id.* at *6. The trial court sentenced the defendant to twenty-two years for each of the rape of a child offenses and to eight years for each of the rape offenses. *Id.* at *5. The trial court enhanced the defendant's sentences on the bases that the crimes were committed to gratify the defendant's desire for pleasure or excitement and through the abuse of a private trust. *Id.* The trial court then imposed partial consecutive service on the bases that the defendant was a dangerous offender and a sexual offender. *Id.* at *6. The aggregate sentence imposed by the trial court was 220 years. *Id.* On review, the *Hayes* Court reduced the defendant's effective sentence to sixty-six years on the bases that, contrary to our general sentencing principles, the effective sentence was greater than that deserved for the offenses, was not the least severe measure necessary to achieve the purposes of sentencing, and reflected an unjustified disparity in sentencing. *Id.* at *9. The *Hayes* Court determined, in short, that the 220-year sentence "far exceed[ed]" what was proper in accordance with the principles of sentencing. *Id.* at *10.

The *Hayes* Court, however, also recognized that "the effective length of a sentence is not erroneous simply because it extends beyond the expected life of the defendant." *Id.* at *9 (citing *State v. Robinson*, 930 S.W.2d 78, 85 (Tenn. Crim. App. 1995)). Furthermore, the *Hayes* Court itself recognized that its decision was somewhat isolated, observing that the Tennessee Court of Criminal Appeals had "often upheld consecutive sentencing with lengthy terms of incarceration relating to convictions for multiple sexual offenses" where the sexual abuse of a minor factor applied. *Id.* As illustrations, the *Hayes* Court cited six such cases: (1) *State v. Brigman*, No. M2002-00461-CCA-R3-CD, 2003 WL 21391762, at *9 (Tenn. Crim. App. June 17, 2003), in which this court relied upon the sexual abuse of a minor factor and the need to protect the public from further criminal conduct by the defendant to uphold an effective sentence of ninety-one years for thirteen convictions of various sexual offenses involving six minor victims over a seven-year span; (2) *State v. Zukowski*, No. M2001-02184-CCA-R3-CD, 2003 WL 213785, at *21 (Tenn. Crim. App. Jan. 31, 2003), in which this court held that an effective sentence of 125 years for five convictions of rape of a child was proper under the sexual abuse of a minor factor where the victim was mentally disabled and the abuse spanned two years; (3) *State v. Kelly*, No. M2001-01054-CCA-R3-CD, 2002 WL 31730874, at *22 (Tenn. Crim. App. Dec. 5, 2002), in which this court upheld an effective sixty-two-year sentence based upon the sexual abuse of a minor factor where the defendant was convicted of eight sexual offenses involving her four children over a period of less than one year; (4) *State v. Suggs*, No. M1999-02136-CCA-R3-CD, 2000 WL 1521481, at *3 (Tenn. Crim. App. Oct. 4, 2000), in which this court upheld an effective seventy-five-year sentence based upon the sexual abuse of a minor factor where the defendant was indicted for fourteen sexual offenses and pled guilty to three counts of child rape of his minor cousin occurring over an unknown period of time; (5) *State v. Harris*, No. M1999-01239-CCA-R3-CD, 2000 WL 804669, at *4 (Tenn. Crim. App. June 23, 2000), in which this court upheld an effective sentence of thirty-two years on the bases of the sexual abuse of a minor factor and the factor for committing an offense while on probation where the defendant was convicted of aggravated assault and three sexual offenses involving one minor victim and three separate incidents; and (6) *State v. Frank*, No. M1998-00485-CCA-R3-CD, 1999 WL 1209517, at *4 (Tenn. Crim. App. Dec. 17, 1999), in which this court upheld an effective sentence of 100 years under the sexual abuse of a minor factor where the defendant was indicted on thirty-six counts of sexual abuse and pled guilty to eight counts of aggravated rape of his minor daughter occurring over a period of approximately eight years. *Hayes*, 2004 WL 1778478, at *9.

Nor has that trend been abandoned in the wake of *Hayes*. Since *Hayes*, this court has upheld additional lengthy terms of incarceration imposed pursuant to the sexual abuse of a minor factor. For instance, in *State v. Worley*, No. M2023-00867-CCA-R3-CD, 2025 WL 101656, at *1 (Tenn. Crim. App. Jan. 15, 2025), *perm. app. denied* (Tenn. Jun. 18, 2025), the defendant was convicted of four counts of rape of a child and one count of attempted rape of a child. The offenses occurred over a twenty-month period, and the victim, with whom the defendant lived, was six and seven years old during the crimes.

- 6 -

*Worley*, 2025 WL 101656, at *1. Relying on the sexual abuse of a minor factor, the trial court imposed an effective sentence of 150 years. *Id.* at *10. We upheld the sentence. *Id.* at *17. In *State v. Gouge*, No. E2022-01001-CCA-R3-CD, 2023 WL 3454702, at *1 (Tenn. Crim. App. May 15, 2023), the defendant was convicted of three counts of rape of a child, one count of attempted rape of a child, and one count of aggravated sexual battery. Relying on the consecutive sentencing factor for sexual abuse of a minor, the trial court sentenced the defendant to an effective term of ninety-nine years. *Gouge*, 2023 WL 3454702, at *5-6. We upheld the sentence. *Id.* at *10. In *State v. Blanton*, No. M2020-00155-CCA-R3-CD, 2022 WL 904839, at *1 (Tenn. Crim. App. Mar. 29, 2022), the defendant was convicted of six counts of rape of a child and two counts of aggravated sexual battery. Relying on the sexual abuse of a minor factor together with the extensive criminal record factor, the trial court sentenced the defendant to an effective term of 212 years. *Blanton*, 2022 WL 904839, at *6-7. We upheld the sentence. *Id.* at *14. Other examples also exist of affirming similar sentences. *See, e.g., State v. Allard*, No. M2023-01033-CCA-R3-CD, 2024 WL 4275047, at *15 (Tenn. Crim. App. Sept. 24, 2024) (upholding 144-year sentence for convictions of two counts of aggravated rape of a child, two counts of aggravated sexual battery, and twenty-eight counts of especially aggravated sexual exploitation of a minor); *State v. Perry*, No. E2015-01227-CCA-R3-CD, 2016 WL 2901817, at *4 (Tenn. Crim. App. May 13, 2016) (upholding a 106-year sentence for convictions of fifty-nine counts of especially aggravated sexual exploitation of a minor, three counts of statutory rape by an authority figure, and one count of sexual exploitation of a minor).

Furthermore, the 2004 *Hayes* decision predates the Tennessee General Assembly's 2005 sentencing reforms made in the wake of the United States Supreme Court's decisions in a series of sentencing cases and in response to recommendations from a gubernatorial task force charged with advising as to changes in response to those decisions. *See generally Bise,* 380 S.W.3d at 693-708 (providing an extensive discussion of the United States Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakley v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), and Tennessee's legislative response thereto). In *Pollard*, 432 S.W.3d at 859, the Tennessee Supreme Court expressly indicated that these reforms changed the standard of review regarding consecutive sentencing from de novo with a presumption of correctness, the standard when *Hayes* was decided, to an abuse of discretion with a presumption of reasonableness. Among the Tennessee Supreme Court's reasons for shifting to an abuse of discretion standard, the *Pollard* Court noted that "the 2005 amendments also signaled a general increase in the discretionary authority of the trial courts in regard to all sentencing decisions, including the decision of whether to impose consecutive sentences." *Pollard*, 432 S.W.3d at 860.

In the present case, the trial court was painstaking in its review of the evidence presented at both the trial and at the sentencing hearing, as well as in its evaluation of that evidence in light of our sentencing scheme. Our review of the record indicates that, in sentencing Defendant, the trial court did not apply an incorrect legal standard, reach an

illogical conclusion, base its ruling on a clearly erroneous assessment of the proof, or apply reasoning that causes an injustice to the complaining party. Simply stated, Defendant has failed to rebut the presumption of reasonableness or to carry his burden of demonstrating that the trial court abused its discretion by imposing an aggregate sentence of ninety-nine years.

IV.

For the above discussed reasons, we affirm the judgments of the trial court.

s/ Jeffrey Usman
JEFFREY USMAN, JUDGE
